UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISON

**CADEDRA REED,**

    Plaintiff,

v.                                                                           Case No.: 8:23-CV-00389-MSS-MRM

**CELLCO PARTNERSHIP d/b/a
VERIZON WIRELESS,**

    Defendant.
_____/

### FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **CADEDRA REED** ("Plaintiff"), pursuant to Fed.R.Civ.P. 15(a)(1)(B), respectfully files this First Amended Complaint against Defendant, **CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS** ("Defendant"), and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $30,000, exclusive of interest, fees, and costs, and for declaratory relief, for violations of the Americans with Disabilities Act of 1990, as amended ("ADA," 42 U.S.C. §12101 *et seq.*), the Florida Civil Rights Act ("FCRA," Fla. Stat. §7601.01 *et seq.*), 29 USC §2601 *et seq.*, known as the Family and Medical Leave Act of 1993 ("FMLA").

2. Venue is proper in Hillsborough County, because all of the events giving rise to these claims occurred in this County.

### PARTIES

3. Plaintiff is a resident of Hillsborough County, Florida.

4. Defendant is authorized and doing business in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

5. Plaintiff has satisfied all conditions precedent, or they have been waived.

6. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

7. Plaintiff requests a jury trial for all issues so triable.

8. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the ADA and the FCRA.

9. At all times material hereto, Defendant was an "employer" within the meaning of the ADA and the FCRA.

10. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer within the meaning of the ADA.

11. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of the FCRA, Fla. Stat. § 760.02(7).

12. At all times material hereto, Defendant was, and continues to be, an "employer" within the meaning of the FMLA.

13. At all times material hereto, Plaintiff was a protected employee under the FMLA.

14. At all times material hereto, Plaintiff worked at least 1,250 hours within the last year of her employment.

15. At all times material hereto, Defendant employed fifty (50) or more employees within a seventy-five (75) mile radius for each working day during each twenty (20) or more calendar work weeks in the current or preceding year.

## FACTS

16. Plaintiff worked for Defendant from on or about December 13, 2009 until her unlawful termination on or about October 13, 2021.

17. Plaintiff suffers from clinically diagnosed anxiety and Post-Traumatic Stress Disorder.

18. Plaintiff's chronic mental health conditions required continuing treatment by a health care provider.

19. Accordingly, Plaintiff's diagnoses are considered serious health conditions as defined by the FMLA.

20. Plaintiff's mental health condition is also considered a disability as defined by the ADA and the FCRA.

21. Plaintiff's anxiety and Post-Traumatic Stress Disorder substantially limited one or more of her major life activities, including listening, reading, performing manual tasks, communicating, and working.

22. Plaintiff sought medical treatment for her medical conditions.

23. Defendant was aware of the seriousness and extent of Plaintiff's disabilities and, thus, regarded her as disabled or handicapped.

24. Plaintiff requested a reasonable accommodation in the form of time off from work to care for herself, thereby engaging in a protected activity.

25. Plaintiff made a formal request for Short Term Disability leave on or around May 26, 2021.

26. Prior to her formal request for medical leave, Plaintiff

27. Plaintiff was eligible for FMLA leave.

28. Plaintiff gave Defendant advance notice of her leave for medical leave due to her serious health conditions.

29. Defendant failed to timely provide Plaintiff with notice of her rights under the FMLA, thus interfering with her rights under the FMLA.

30. Because Defendant failed to properly advise Plaintiff of her FMLA rights, Plaintiff was forced to use PTO leave to cover her absences related to her FMLA-protected disability.

31. Plaintiff requested and was approved to take leave under the FMLA to tend to her medical condition.

32. Plaintiff provided proper documentation.

33. Defendant initially granted Plaintiff's leave.

34. Plaintiff was out of work on FMLA leave from on or around August 3, 2021, until on or around October 3, 2021.

35. Upon her return from FMLA leave, Plaintiff was investigated and accused of lying on her application for Short Term Disability.

36. Plaintiff complained to Defendant that she felt she was being discriminated against.

37. Defendant ignored her complaints and failed to take any remedial action.

38. Defendant retaliated against Plaintiff for taking protected leave and for complaining about disparate treatment by terminating her employment on or around October 13, 2021.

39. Defendant terminated Plaintiff's employment less than two weeks after her return from FMLA leave.

40. Defendant terminated Plaintiff's employment under the pretext of "violating company policy by having other employment during the relevant dates of leave."

41. Plaintiff was terminated as a result of taking protected leave and in retaliation to her complaint.

42. Instead, Defendant chose to retaliate against Plaintiff for engaging in protected activity under the ADA, the FMLA, and the FCRA by terminating her employment.

43. Defendant's actions were willful and done with a reckless disregard for Plaintiff's rights under the ADA, the FCRA, and the FMLA.

## COUNT I – FCRA VIOLATION (DISCRIMINATION)

44. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 43 of this Complaint as though fully set forth herein.

45. Plaintiff is a member of a protected class under the FCRA.

46. Plaintiff was subjected to disparate treatment.

47. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

48. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

(c) Award back pay to Plaintiff plus interest and all benefits;

(d) Award liquidated damages to Plaintiff;

(e) Award reasonable attorney's fees and costs to Plaintiff; and

(f) Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT II – FCRA RETALIATION

49. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 43 of this Complaint as though fully set forth herein.

50. Plaintiff is a member of a protected class under the FCRA

51. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

52. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

53. Plaintiff was injured due to Defendant' willful violations of the FCRA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this Court:

(a) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FCRA;

(b) Enjoin and permanently restrain Defendant from further violations of the FCRA;

(c) Award back pay to Plaintiff plus interest and all benefits;

(d) Award liquidated damages to Plaintiff;

(e) Award reasonable attorney's fees and costs to Plaintiff; and

(f) Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT III – FMLA INTERFERENCE

54. Plaintiff realleges and readopts the allegations of paragraphs 1 through 43 of this Complaint as though fully set forth herein.

55. Plaintiff was eligible for FMLA.

56. Defendant is a covered employer as defined by the FMLA.

57. Plaintiff took leave for a serious health condition under the FMLA.

58. Defendant interfered with, restrained, or denied Plaintiff the exercise of or the attempt to exercise Plaintiff's FMLA rights, including, denying to reinstate full benefits and conditions of his/her employment and terminating Plaintiff's employment.

59. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

60. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this arbiter:

(a) Enter a judgment that Defendant's interference of Plaintiff's rights was in violation of the FMLA;

(b) Enjoin and permanently restrain Defendant from further violations of the FMLA;

(c) Direct Defendant to reinstate Plaintiff with full seniority to an equivalent position with back pay plus interest, pension rights and all benefits or, in the alternative, enter a judgment pursuant to 29 U.S.C. §2617(a)(1)(A)(i)(II) against Defendant and in favor of Plaintiff for the monetary losses Plaintiff suffered as a direct result of Defendant's violation of the FMLA;

(d) Award front pay to Plaintiff;

(e) Award liquidated damages to Plaintiff;

(f) Award reasonable attorney's fees and costs to Plaintiff; and

(g) Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT IV - FMLA RETALIATION

61. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 43 of this Complaint as though fully set forth herein.

62. Plaintiff exercised or attempted to exercise Plaintiff's rights under the FMLA.

63. Defendant retaliated against Plaintiff for exercising or attempting to exercise Plaintiff's FMLA rights by terminating Plaintiff.

64. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

65. Plaintiff was injured due to Defendant' willful violations of the FMLA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this arbiter:

(h) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FMLA;

(i) Enjoin and permanently restrain Defendant from further violations of the FMLA;

(j) Award back pay to Plaintiff plus interest and all benefits;

(k) Award liquidated damages to Plaintiff;

(l) Award reasonable attorney's fees and costs to Plaintiff; and

(m) Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT V —ADA VIOLATION
### (DISCRIMINATION)

66. Plaintiff realleges and readopts the allegations set forth in Paragraphs 1 through 43

of this Complaint as though fully set forth herein.

67. Plaintiff is a member of a protected class under the ADA.

68. Plaintiff was subjected to disparate treatment.

69. Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

70. Defendant's actions were willful and done with malice.

71. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) An injunction restraining continued violation of law enumerated herein;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

(f) Compensatory damages, including emotional distress, allowable at law;

(g) Punitive damages;

(h) Prejudgment interest on all monetary recovery obtained;

(i) All costs and attorney's fees incurred in prosecuting these claims; and

(j) For such further relief as the Court deems just and equitable.

## COUNT VI — ADA RETALIATION

72. Plaintiff realleges and readopts the allegations of paragraphs 1 through 43 of this Complaint, as though fully set forth herein.

73. Plaintiff is a member of a protected class under the ADA.

74. Plaintiff exercised or attempted to exercise her rights under the ADA, thereby engaging in protected activity under the ADA.

75. Defendant retaliated against Plaintiff for engaging in protected activity under the ADA by terminating her employment.

76. Defendant has taken material adverse action against Plaintiff.

77. Defendant's actions were willful and done with malice.

78. Plaintiff was injured due to Defendant's violations of the ADA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

(a) A jury trial on all issues so triable;

(b) That process issue and that this Court take jurisdiction over the case;

(c) That this Court enter a declaratory judgment against Defendant, stating that Defendant interfered with Plaintiff's rights under the ADA;

(d) Compensation for lost wages, benefits, and other remuneration;

(e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, and all benefits;

(f) Front pay;

(g) Any other compensatory damages, including emotional distress, allowable at law;

(h) Punitive damages;

(i) Prejudgment interest on all monetary recovery obtained.

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this 21st day of March, 2023.

                                      Respectfully submitted,

                                      *s/ Chad A. Justice*
                                      **CHAD A. JUSTICE**
                                      Florida Bar Number: 121559
                                      **SAMUEL D. DOXSEE**
                                      Florida Bar Number: 127318
                                      **JUSTICE LITIGATION ASSOCIATES, PLLC**
                                      1205 N Franklin St.
                                      Suite 326
                                      Tampa, Florida 33602
                                      Direct No. 813-566-0550
                                      Facsimile: 813-566-0770
                                      E-mail: chad@getjusticeforjustice.com
                                      sam@getjusticeforjustice.com
                                      **Attorney for Plaintiff**